# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**RACHEL MORRIS**
          **Debtor**

**BANK OF AMERICA, N.A.**
          **Movant**
     v.
**RACHEL MORRIS**
          **Respondent**

        :
        :    **BK. No. 1:20-bk-01526-HWV**
        :
        :    **Chapter No. 13**
        :
        :
        :
        :
        :
        :

## STIPULATION AND ORDER IN SETTLEMENT OF MOVANT'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

      **AND NOW**, this \*\*\*\*\* day of August 2020, it is Stipulated and Agreed by the parties to this litigation, by and through their respective attorneys, Sara A. Austin, Esquire on behalf of **Rachel Morris**, and Mario J. Hanyon, Esquire of Phelan Hallinan Diamond & Jones, LLP on behalf of **Bank of America, N.A.,** as follows:

      **WHEREAS, Rachel Morris** is the Debtor in the above-captioned bankruptcy;

      **WHEREAS, Rachel Morris** is the owner of the premises located at 11969 Woodland Drive, Felton, PA 17322-9069 (hereinafter "Premises");

      **WHEREAS, Bank of America, N.A.** is the holder of a second mortgage on the Premises;

      **WHEREAS,** Debtor's Chapter 13 Plan seeks to strip the second mortgage held by Movant;

      **WHEREAS, Bank of America, N.A.** filed an Objection to the Confirmation of Debtor's Chapter 13 Plan;

      **NOW THEREFORE,** the parties stipulate and agree as follows:

1.      Movant's lien shall be released and extinguished upon the successful completion of the Debtor's Chapter 13 Plan. **Bank of America, N.A.** and/or its successor-in-interest shall file a release of the lien with the Recorder of Deeds in York County. In the event that **Bank of America, N.A.** or its successor-in-interest does not execute and deliver to the Debtor any termination statement, or other document that is or may be required to by law to release and discharge the Second Mortgage, the Debtor shall be permitted to use the

attached order along with the Order of Discharge as authorization for termination and release of the Second Mortgage.

2.  The parties agree that in the event that the Debtor's bankruptcy case is dismissed for any reason or Debtor fails to receive a non-hardship Chapter 13 discharge under 11 U.S.C. §1328(a) this stipulation will be void and of no effect.

3.  In the event that the holder of the first lien on the Subject Property forecloses on it security interest and extinguishes the second mortgage of **Bank of America, N.A.** prior to the Debtor's completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, the second mortgage lien of **Bank of America, N.A.** shall attach to the surplus proceeds from the foreclosure sale for the full amount of the amount due and owing under the Loan Documents.

4.  <u>Chapter 7 Provision</u>.  In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, this stipulation will be void and of no effect.

5.  <u>Confidentiality</u>.  The specific terms of this Agreement, including the amount of any settlement payments, will be kept confidential and the Parties and their counsel agree not to disclose or publish the terms, conditions or covenants referred to in this Agreement, except as follows:

    a.  As is required to comply with any applicable rules, statutes or regulations of any governmental agency; or

    b.  As may be reasonably necessary to conduct any litigation arising out of or concerning this Agreement.

6.  <u>Entire Agreement</u>.  This Stipulation contains or expressly incorporates by reference the entire agreement of the parties and supersedes all prior negotiations.  This Agreement shall not be modified or amended except by a written instrument executed by all parties.

7.  Parties request this Court sign and docket an Order approving Stipulation.

8. The parties agree that a facsimile signature shall be considered an original signature.

**IN WITNESS THEREOF** and intending to be a legally bound hereby, the parties to the above-captioned action, by their respective attorneys, each of whom has been expressly authorized to enter into this Stipulation of Settlement, set their signatures below.

Date: 8/31/2020

_____
Mario J. Hanyon, Esquire
Counsel for Movant

Date: __/__/__

Sara A. Austin
Digitally signed by Sara A. Austin
Date: 2020.08.30 15:46:48 -04'00'

_____
Sara A. Austin, Esquire
Counsel for Debtor